IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02409-CNS-NRN

MOISES ALBINES,

    Plaintiff,

v.

HOTELENGINE, INC,

    Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) (ECF No. 48)**

---

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter is before the Court on Plaintiff Moises Albines' Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) ("Motion to Amend"). ECF No 48. Defendant Hotel Engine, Inc. d/b/a Engine, ("Defendant" or "Engine") filed a response, ECF No. 53, and Plaintiff filed a reply, ECF No. 59. Now being fully informed and for the reasons set forth below, it is hereby **ORDERED** that the Motion to Amend is **GRANTED**.

**I.  BACKGROUND**

This Fair Labor Standards Act ("FLSA") lawsuit has a somewhat complicated procedural history that is relevant to the subject Motion to Amend. On March 14, 2025, Shane Figueroa and Jennifer Smith filed a class and collective action in this Court, *Figueroa v. HotelEngine, Inc.*, No. 25-cv-00841-DDD-STV (D. Colo.) ("*Figueroa I*"), alleging, as this action does, that Engine misclassifies its salespersons and fails to pay them overtime.

Engine tendered checks to Figueroa and Smith under Colo. Rev. Stat. § 8-4-109(3). In response, the plaintiffs dismissed *Figueroa I* and refiled the Colorado wage claims in Colorado state court ("*Figueroa II*"), and the federal FLSA claims (excluding putative Colorado class members) in the District of Delaware, where Engine is incorporated. Plaintiff's counsel states that they pursued this strategy because they believed that a Colorado court should decide the novel legal issue created by the individual tender offers and their impact on the class action claims, and they wanted to proceed on the federal FLSA claims forthwith, without being delayed by the litigation of the state law question. Counsel explained that the putative Colorado class members were excluded to avoid the possibility of *Colorado River* abstention.

Plaintiff's strategy was upended when Engine (1) successfully moved to transfer the Delaware lawsuit to the District of Colorado, resulting in the instant action; and (2) removed *Figueroa II* to this Court as well (Case No. 25-cv-01549-RMR-NRN (D. Colo.)).

On September 10, 2025, Judge Regina Rodriguez granted the *Figueroa II* plaintiffs' motion to consolidate the two cases for discovery purposes, so all discovery related matters are filed in that case. *See* ECF No. 57. Judge Rodriguez left open the question of whether the cases should be consolidated beyond discovery. *Id.*

In the subject Motion to Amend, Plaintiff seeks to define the FLSA collective to include sales employees who worked for Engine in Colorado. The plaintiffs in *Figueroa II* have opted in to this action. *See* ECF No. 40.[1]

---

[1] The plaintiffs in *Figueroa II* have moved for remand. That motion is still pending, but counsel represented that if the subject motion is granted, the remand motion is moot.

2

Engine opposes permitting leave to amend, saying that Plaintiffs are engaging in impermissible judge-shopping:

> It is clear Plaintiff's counsel dismissed *Figueroa I* only to refile the very same claims in two separate actions to sidestep Judge Domenico and secure what they perceived as a more favorable forum to determine whether the Figueroa Plaintiffs have standing to bring their Colorado wage claims after Engine tendered payments exceeding even the amount hypothetically owed to them under C.R.S. § 8-4-109(3)(d)(II).

ECF No. 53 at 4. Engine argues that this amounts to bad faith.

## II. ANALYSIS

The Federal Rules of Civil Procedure instruct that leave to amend shall be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may refuse leave to amend "on account of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101–02 (10th Cir. 2019) (internal quotation marks omitted).

In this instance, a Scheduling Conference has not yet been held, so allowing amendment will not require modification of the Scheduling Order, which would further demand a showing of good cause by Plaintiffs. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard").

3

The Court will allow amendment.

First, the Court finds that Engine has not demonstrated that the Motion to Amend was made in bad faith. In the Tenth Circuit, a motion to amend may be denied if it was made in bad faith. *Estate of Roemer v. Shoaga*, No. 14-cv-01655, 2016 WL 11184883, at *11 (D. Colo. Oct. 26, 2016) (citing *Cohen v. Longshore*, 621 F.3d 1311, 1312 (10th Cir. 2010)). To adequately support the denial of a motion to amend, bad faith "must be apparent from the record before the court." *Id.* Moreover, a court is limited to inquiring "whether the motion to amend itself is being made in bad faith, not whether the original complaint was filed in bad faith or whether conduct outside the motion to amend amounts to bad faith." *Id.* "Bad faith may be inferred if the proposed amendments directly contradict the allegations made in the original pleading such that the original and amended factual accounts cannot be reconciled, and are made solely to circumvent a defense raised in a Rule 12(b) motion." *Id.* None of these elements are present here. The proposed amendment does not change the factual allegations in the Complaint or add or remove claims, it only seeks to include sales employees who worked for Engine in Colorado.

Moreover, Engine has not persuaded the Court that Plaintiff has engaged in forum-shopping or judge-shopping. First, the Court notes that Engine raised the same objections to Judge Rodriguez when opposing the plaintiffs' motion to consolidate in *Figueroa II*, and although Judge Rodriguez did not explicitly address them, she ultimately granted consolidation. Second, the plaintiffs in *Figueroa I* were within their rights to voluntarily dismiss that case and refile it in other forums. *See* ECF No. 59 at 2–4 n.1 (citing cases). Neither Colorado state court nor Delaware federal court were

4

jurisdictionally improper, and it was Engine, not Plaintiff's counsel, who caused the instant lawsuit and *Figueroa II* to be litigated in Colorado, by removing the state court case and transferring the Delaware federal one back here to Colorado. The Court also credits Plaintiff's counsel's statement that the claims were bifurcated because it was imperative to proceed expeditiously on the FLSA claims for statute of limitations purposes and the predicate legal questions specific to the Colorado claims might result in delays, and also that the putative Colorado FLSA class members who are being added by amendment were initially excluded to avoid the possibility of abstention, which is no longer an issue. While not passing judgment on the strategic soundness of these decisions, the Court cannot say that they were made in bad faith. Finally, as Engine notes, "[a] bad faith motive may exist where the 'motion to amend was brought to avoid the possibility of an adverse . . . ruling' or the movant attempts to manipulate jurisdiction or forum-shop." *Alaska v. Express Scripts, Inc.*, No. 3:23-cv-00233-JMK, 2024 WL 229220, at *2 (D. Alaska May 21, 2024) (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) and *Sorosky v. Boroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)). Despite Engine's unsupported allegation to the contrary, there was no possibility of an adverse ruling in *Figueroa*; indeed, the only order Judge Domenico issued in that action was to refer the matter to Magistrate Judge Scott T. Varholak.

In short, it is not apparent from the record that Plaintiff was motivated by bad faith in moving to amend.

Engine also argues that Plaintiff's proposed amendment would result in undue prejudice, citing the costs it incurred in the transfer of this case and the removal of

*Figueroa II*. Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice only when the proposed amendment unfairly affects the defendants in terms of preparing their defense to the amendment. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted). But "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin v. Billings*, 568 F.3d 1224, 1230–31 (10th Cir. 2009); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993) (stating that "time, effort and money . . . expended in litigating [a] matter" do not invariably amount to "substantial prejudice"); *Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir. 1987) (a plaintiff's showing of prejudice based solely on his expenditure of "much time and money in pretrial discovery . . . [is] no reason for the district court to have denied the [defendant's] amendment" to its answer). Given that this case is still in the early stages of litigation, and because the proposed amendment does not arise out of a different subject matter than the Complaint or raise significant new factual issues, Engine has not shown undue prejudice.

III.   **ORDER**

The Federal Rules of Civil Procedure direct the Court to freely give leave to amend when justice so requires. Engine has not shown undue delay, undue prejudice, bad faith, or futility. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Leave

6

to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a), ECF No. 48, is **GRANTED**. The Clerk is directed to file the proposed First Amended Complaint and Jury Demand, ECF No. 48-3, on the docket as the operative pleading in this case. Engine shall answer in accordance with Rule 15(a)(1)(3).

Dated this 17th day of October, 2025.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge